# Rondinella *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Proofs of death.*

Statements in the proofs of death that the insured prior to the date of the application and three or four years before his death by angina pectoris, had a mild attack of angina pectoris which was cured at that time, cannot be construed as a conclusive admission that the insured had an incurable disease prior to the date of the policy. Baldi v. Metropolitan Life Insurance Co., ante, p. 599, followed:

Argued Oct. 10, 1901. Appeal, No. 22, Oct. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 742, on verdict for plaintiff in case of Ferdinand Rondinel, Guardian of Joseph Rizzo, Cornelius Rizzo, Annita Rizzo and Stella Rizzo, Minors, v. Metropoliton Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a policy of life insurance on the life of Francis Rizzo for the benefit of certain of his children. Before PENNY-PACKER, J.

The facts were the same as in Baldi v. Metropolitan Life Insurance Company, ante, p. 599.

The defendant presented these points:

10. As it appears under the undisputed testimony of the case that Dr. Rizzo had been attacked by angina pectoris prior to the date of the application for this policy, and it likewise appears that when there is angina pectoris there is a permanent diseased condition of the heart which would render the health unsound, I instruct that Dr. Rizzo was not in sound health, as required by the first condition of the policy, and your verdict must be for the defendant. *Answer:* Refused. [11]

12. In considering this case you will start with the fact that Dr. Rizzo did have an attack of angina pectoris in 1893 or 1894, as stated in the proofs of death, so that you have only to consider whether that attack did show that his heart was diseased, and that this diseased condition continued until the time this policy was issued. If you do find in this way that the heart

was diseased at the time this policy issued, and this condition of his heart might shorten his life, even though he looked as though he were in sound health, he was not really in sound health, and your verdict will be for the defendant. *Answer:* Refused. [12]

Verdict and judgment for plaintiff for $1,190. Defendant appealed.

*Errors assigned* among others were (11, 12) above instructions, quoting them.

*Hazard Dickson,* for appellant.

*William A. Gray,* for appellee.

OPINION BY RICE, P. J., January 21, 1902:

The first assignment of error raises the question whether part " C. Medical Examination and Report " is a part of the application within the meaning of the act of 1881. The whole paper does not differ in any essential particular from the paper construed in Baldi v. Metropolitan Life Insurance Co. in which case we have this day filed an opinion. Nor does the oral testimony require a different decision of the question. For the reasons there stated we hold that " C " was not part of the application, and, therefore, it was not necessary to copy it in, or attach it to, the policy in order to make the warranties contained in the application available to the defendant.

As the case was presented after the application had been excluded, the sole question was whether the decedent was in sound health at the date of the policy. Looking at the case in that view, we discover no error in the rulings upon evidence, in the general instructions to the jury, or in the answers to the points. The case would have presented a different aspect if the application had been admitted. We do not deem it necessary to go over the ground covered by our opinion in the case cited. In order, however, that our ruling upon the eleventh and twelfth assignments of error be not misunderstood, we call attention to the fact that the statement in the proofs of death relied upon by the defendant in the points referred to in these two assignments is coupled with the statement that the mild

attack of angina pectoris, which the insured had in 1893 or 1894, was " cured at that time." Taking the statement as a whole, we do not think it can be construed as a conclusive admission that the insured had an incurable disease prior to the date of the policy. We have discussed this question more fully in the case referred to.

The first assignment of error is sustained, the judgment is reversed and a venire facias de novo awarded.