# Wieder, Appellant, *v.* Miller.

*Evidence—Witness—Failure to call witness—Comment of court—Trial—Practice, C. P.*

1. The nonproduction of pertinent evidence which, if it exists, is peculiarly within the control of the parties whose interest it would be to produce it, is of itself often a circumstance of greater or less weight, which a jury may take into consideration, and it is not reversible error

for the trial judge to call their attention to it, provided he does it fairly, and without giving binding instructions as to the effect of the omission.

2. In an action for goods sold and delivered where the testimony of one of the plaintiffs and that of the defendant is absolutely contradictory as to the terms of the oral contract, and the defendant testifies that a brother and partner of the plaintiff who testified, was present and heard the conversation between her and plaintiff, and it appears that the brother is not called as a witness, and does not testify in the case, the trial judge commits no error in commenting upon the neglect of the plaintiff to offer the testimony of his brother.

Argued Oct. 17, 1912. Appeal, No. 128, Oct. T., 1912, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 5,043, on certificate for defendant in case of Charles P. Wieder et al., trading as Wieder Brothers, v. Annie Miller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods sold. Before AUDENRIED, J.

The opinion of the Superior Court states the case.

Certificate and judgment for plaintiffs for $134.20. Plaintiffs appealed.

*Error assigned* was portion of charge quoted in the opinion of the Superior Court.

*Wm. E. Berkowitz,* with him *Samuel W. Salus,* for appellants.—Decisions in this state upon this point are rare. All of the cases reported, with one exception, have been where the court in its charge has commented upon the failure of a party to produce certain witnesses where the names or the knowledge of these witnesses has been brought out in the case of the party against whom the judge has charged; in other words, that the plaintiff in his case in chief had mentioned a certain party as having been present and failed to produce him, the court has commented upon it and vice versa where the defendant has mentioned it in his case: McCall v. Barnheart, 2 Watts, 112; Kenyon v. Kenyon, 88 Hun, 211 (34 N. Y. Supp. 720); Ward v. St. Vincent's Hospital, 65 N. Y. App. Div. 64 (72 N. Y. Supp. 587)..

*Louis Hutt*, with him *Chas. G. Gartling*, for appellee.—
The court committed no error in commenting upon the
failure of plaintiff to offer his brother as a witness: Hart-
man v. Pittsburg Incline Plane Company, 11 Pa. Superior
Ct. 438; Cinder v. Bachman, 8 Pa. Superior Ct. 405;
Rondinella v. Ins. Co., 24 Pa. Superior Ct. 293; Wills
v. Hardcastle, 19 Pa. Superior Ct. 525.

OPINION BY MORRISON, J., December 9, 1912:

In this action of assumpsit the plaintiffs, trading as
Wieder Brothers, claimed the price and value of certain
carpets, linoleum, window shades and furniture which
they claimed to have sold to the defendant, Annie Miller,
for the furnishing of a certain house for her.  The whole
amount claimed by the plaintiffs was $681.51, but the
defendant testified that the contract price for the articles
as agreed between Albert Wieder, one of the partners,
and herself was to be $750.  It appears that the defendant
paid $100 on account at the time she ordered the goods;
that plaintiffs proceeded to measure the rooms, windows,
etc., and cut and made the carpets and made an attempt
to deliver the entire lot of goods to the defendant but she
refused to accept the same, and thereafter, on notice to
the defendant, the plaintiffs caused the goods to be sold
at auction and realized from said sale $226.10, which
amount they credited to the defendant, and that sum
and the $100 paid at the time the contract was made
left a balance of $355.41 which the plaintiffs sought to
recover in this action.  The suit resulted in a verdict for
the defendant, with a certificate in her favor for the $100
and interest thereon, amounting in all to $134.20, and
judgment being entered on the verdict, the plaintiffs
appealed.

The defendant's reason for refusing to accept and pay
for the goods, as she testified at the trial, was that a few
days after she made the contract Albert Wieder, one of
the plaintiffs, told her that he had made a mistake as to
the price of the goods and that plaintiffs would not furnish

them for less than $1,000, and that unless she would agree to pay that sum the goods would not be delivered. She further testified that she refused to pay the additional sum and procured her goods from another store and told the plaintiffs that she would not accept their goods. She also testified that when she had the conversation with Albert Wieder about the additional $250 which he proposed to charge her that his brother Joe Wieder was present and heard the conversation. She evidently referred to Joseph P. Wieder, another member of the firm, but he was not called as a witness and did not testify at the trial. Therefore the testimony on this point was in flat contradiction between Albert Wieder and the defendant, Annie Miller. Albert Wieder positively denied that he ever demanded any sum in addition to the prices mentioned in the original contract and he denied Mrs. Miller's allegation that she was released from accepting the goods and paying for them on account of this alleged change in the price.

The single assignment of error is an excerpt from the charge of the learned court below in regard to this contradiction between Mrs. Miller, the defendant, and Albert Wieder, one of the plaintiffs, and we will here quote said assignment: "That the learned court erred in charging the jury as follows: 'Your determination of this question will depend on which of these two witnesses you believe. Do you believe Mrs. Miller, or do you believe Mr. Wieder? It was possible for Mr. Wieder to have brought his brother here to give evidence on this question. Both of the Wieder brothers were in their store when Mrs. Miller came there and this conversation took place, if she came to their store and the conversation took place as she said it did. But the other Wieder brother is not brought here. Why is he not brought here? He is one of the plaintiffs in this case, and it seems to me that if what this woman says is not true his evidence would be essential testimony that you ought to hear. I understand, however, that it is contended by the plaintiffs that the conversation did not

take place, and if it did not take place in the store where she says it took place, then, of course, the other Mr. Wieder could not very well contradict her as to its terms, but he could have joined his brother and corroborated what he says in relation to its not having taken place. He is not here. The question, therefore, comes down to a question whether you believe Wieder, the witness, or the defendant.' "

The learned counsel for appellant contends that at the trial the testimony of Albert Wieder upon the point raised by the assignment of error made a prima facie case for the plaintiffs and that the plaintiffs rested under no burden to produce Joseph P. Wieder and offer his testimony to corroborate his brother. This may be conceded and yet it does not follow that the court committed reversible error as raised in the assignment. In support of their contention that the court erred in commenting upon the neglect of the plaintiff to offer the testimony of Joseph P. Wieder, counsel cites McCall **v.** Barnheart, 2 Watts, 112. The question there arose upon the failure of the plaintiff to produce a surveyor who made a survey, although the original survey had been offered and admitted in evidence. The judge charged to the effect that the failure to call the surveyor was an inference against the plaintiff, and Mr. Justice ROGERS, in delivering the opinion of the Supreme Court, held, in substance, as stated in the syllabus: "A return of survey is prima facie evidence of a survey on the ground, and no legitimate inference can be drawn from the fact that the deputy surveyor was not called as a witness to prove the fact." The learned counsel contends that this is the only case which they have been able to find where "the facts are identical and similar to the facts in the case at bar." In our opinion that case is not in point. ROGERS, J., said: "The court charged the jury, that a presumption arose unfavorable to the plaintiff, because he rested his case on the return of survey without calling the deputy surveyor to prove that a survey had been made. It has been repeatedly ruled, that the return

of survey is prima facie evidence of a survey on the ground, and no legitimate inference can be drawn from the fact, that the plaintiff was satisfied with the establishment of a prima facie case."

The learned counsel for appellant cite Kenyon v. Kenyon, 88 Hun, 211, and in the opinion in that case several other New York cases are cited, but we fail to gather from these cases anything which convicts the court below of error in using the language specified in the assignment.

In our opinion our own cases fully sustain the court below in making the comments complained of in the assignment of error. In Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438, in an opinion by President Judge RICE, we held: "The nonproduction of pertinent evidence, which, if it exists, is peculiarly within the control of the parties whose interest it would be to produce it, is, of itself, often a circumstance of greater or less weight which a jury may take into consideration, and it is not reversible error for the trial judge to call their attention to it, provided, he does it fairly, and without giving binding instructions as to the effect of the omission. See 2 P. & L. Dig. of Dec. & Ency. of Pa. Law, 2681; Ginder v. Bachman, 8 Pa. Superior Ct. 405, and cases there cited." See also Rondinella v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 293; Wills v. Hardcastle, 19 Pa. Superior Ct. 525. In the latter case this court, speaking through President Judge RICE, said: "Where evidence which would be properly part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law:" citing numerous cases.

In the present case the defendant testified in substance that Albert Wieder told her in the presence of another of the plaintiff firm, Joseph P. Wieder, that they could not furnish the goods for $750 but must charge $250 more and that she then refused to pay the additional sum and re-

fused to take the goods. Now if no such conversation took place, it certainly would have strengthened the plaintiffs' case to have produced Joseph P. Wieder to corroborate his brother Albert, and we cannot see that the court below committed reversible error in calling the attention of the jury to this fact as complained of by the appellant in his assignment of error. Certainly the court made no attempt to give a binding instruction to the jury and finally submitted the question fairly to them as to whether they would believe Wieder, or the defendant, Annie Miller. This was a submission of an important question of fact fairly to the jury, and it is evident that the jury believed the defendant and that being the case she was entitled to a verdict and to a certificate in her favor for the $100 which she had paid the plaintiffs and the interest thereon.

The assignment of error is overruled and the judgment is affirmed.