## Frick *et al. versus* Barbour *et al.*

1. In a question as to E. being a partner, H. of the firm of H. & F. testified that J. was a partner and that E. asked for the books and said he had as much interest as J. *Held*, that the books of H. & F. were admissible.

2. Testimony often consists in what is not proved as well as in what is proved.

3. When withholding testimony raises a violent presumption that a fact not clearly proved or disproved exists, it is not error in the court to allude to the withholding, as a circumstance strengthening the proof.

January 17th 1870. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county:* No. 97, to July Term 1868.

The action in the court below was assumpsit, by James L. Barbour and others, partners, &c., against Jacob Frick, Ephraim B. Frick and Amos Frick, partners, trading as Jacob Frick. It was commenced October 31st 1867. E. B. Frick filed an affidavit denying the partnership. The defendants pleaded non assumpsit with leave to give the special matters in evidence.

The case was tried May 27th 1868, before Chapman, P. J.

For plaintiffs: J. L. Hahn testified, he was a partner with Jacob Frick from August 14th 1861 till September 1862, and always regarded Ephraim and Amos as partners. Ephraim called on witness for the books, and said he had as much interest in the concern as Jacob. The witness proved a book to be that of Frick & Hahn for 1862; in this book were charges to J. Frick & Co., and to "Amos." The plaintiffs offered the book in evidence; they were objected to by the defendants, admitted and a bill of exceptions sealed.

J. Q. Adams, clerk of plaintiffs, testified: "The account in plaintiffs' ledger was opened as 'Frick.' Jacob would come in and we would mark it 'Jacob;' Amos the same, and then we would carry it to account of Frick. I regarded them as partners."

The book of plaintiffs contained in the same account entries to "E. B. Frick," to "Jacob Frick," to "Mr. Frick," to "Frick." The plaintiffs gave in evidence a bill-head, "E. B. Frick, Norristown, Cigar Store." Also, letter from Jacob Frick to plaintiffs, dated November 25th 1864. "We have filled lot of segars," &c. Witness further testified that he had received money from E. B. Frick and Jacob Frick, who, in making payment, would ask the amount on the ledger. Defendants never objected to the charge being made to "Frick."

Defendants gave evidence for the purpose of disproving the partnership. They also gave in evidence the certificate of Jacob Frick's discharge as bankrupt.

The court charged:—

[Frick v. Barbour.]

" Where are their receipts ? If these were produced they might throw light upon the subject. It is singular that these parties should have dealt so long together and have paid so much money and no receipts have passed between them. They would show, if produced, how the defendants dealt with the plaintiffs, whether as partners or as individuals. Now, where are the receipts ? To be sure, plaintiffs had a right to call upon defendants to produce them, and not having given them that notice, the defendants are entitled to whatever benefit may be derived from that omission."

The verdict was for the plaintiffs for $1410.15.

The defendants took a writ of error and assigned for error the admission of Frick and Hahn's book, the charge of court, and that judgment was entered against Jacob Frick, &c., he having been discharged as a bankrupt.

*G. N. Corson*, for plaintiffs in error.

*H. K. Weand*, for defendants in error, was stopped by the court.

The opinion of the court was delivered, February 7th 1870, by

THOMPSON, C. J.—We see not wherein the books of Hahn & Frick were not evidence on the question of the partnership between the Fricks. Hahn testified to the books, and to facts and declarations tending to show that Ephraim and Amos were partners with Jacob and him. This testimony, whether very important or of little consequence in the minds of the jury, could not have been withheld from them, for anything we can see. Indeed it may have been very important. There was no error in its admission.

There was nothing wrong in the pertinent inquiry of the judge, " where are the receipts?" The testimony had shown numerous payments by the Fricks to Barbour, Semmes & Co., on account, and the receipts would have been pertinent and powerful to show how they were drawn and regarded when these payments were made, and how the parties regarded themselves in taking receipts. It has been more than once said that the testimony in a case often consists in what is not proved as well as in what is proved. Where withholding testimony raises a violent presumption that a fact not clearly proved or disproved exists, it is not error to allude to the fact of withholding, as a circumstance strengthening the proof. That was all that was done here. There was no error in this part of the case.

It is denied that the record of the discharge of Jacob Frick, as a bankrupt, was in evidence at all in the case. The judge's notes have in them, " discharge of bankrupt, Jacob Frick, March 4th 1848," but whether given in evidence does not appear. Certain

[Frick *v.* Barbour.]

it is, that it was not pleaded, nor any further notice taken of it on the trial, and no request to charge in regard to it, nor objection made as to the entry of judgment, nor motion in arrest of judgment as to Jacob, appears on the record. As he was not bound to plead his discharge, and did not do it, there was no error in the entry of judgment on the verdict against him as one of the partners. As there are no other assignments of error to be noticed, and no error in those we have noticed,

The judgment is affirmed.