## Hall et al., Appellants, *v.* Vanderpool.

*Discontinuance—Discretion—Review.*

The allowance or refusal of a discontinuance is within the discretion of the court below, and is not reviewable by the Supreme Court.

*Evidence—Withholding testimony—Charge of court.*

Where evidence which would properly be part of a case, is within the control of the party whose interest it would naturally be to produce it, and without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. In such a case the Supreme Court will not reverse, because the trial judge used the word " presumption " instead of " inference," if the remainder of the charge shows that he did not intend to give binding instructions.

*Execution—Interpleader.*

The sheriff had in his hands two writs of execution, the first in favor of D. H. Crimmins against Nelson Vanderpool and Warren Hall, and the second in favor of Martin Vanderpool against Nelson Vanderpool. He levied upon personal property found in possession of Nelson Vanderpool on both writs at the same time. Warren Hall and Eunice Hall claimed all the property. *Held*, that as long as the claim of Eunice Hall was undetermined, the sheriff had a right to an interpleader.

*Successive executions—Fraud—Priority of lien.*

Where five successive pluries fi. fa.'s have been issued during a period of nearly two years, and not in good faith, but to protect the debtor's property from other creditors, the last writ will lose its priority over earlier writs of other creditors.

Argued March 14, 1893. Appeal, No. 37, Jan. T., 1893, by plaintiffs, Eunice Hall and Warren Hall, from judgment of C. P. Bradford Co., May T., 1891, No. 44½ on verdict for defendant, Martin Vanderpool. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Sheriff's interpleader.

From the record it appeared that, on Dec. 1, 1890, D. H. Crimmins issued a fifth pluries writ of fi. fa. against Nelson

Vanderpool and Warren Hall.   Every preceding execution on the judgment had been returned by the sheriff, not executed, and without levy.   On Dec. 6, 1890, Martin Vanderpool issued an execution against Nelson Vanderpool and placed the writ in the sheriff's hands on the same day.   The sheriff levied on personal property found in possession of Nelson Vanderpool on both writs at the same time.   Warren Hall, Eunice Hall, his wife, and John Holmes claimed all the property.   The sheriff sold the property on the Crimmins writ as the property of Warren Hall, defendant and claimant, to John Crimmins for $274.48, and delivered the same to the purchaser.   He adjourned the sale as to Nelson Vanderpool.   The court ordered a feigned issue; that Warren and Eunice Hall be plaintiffs and Martin Vanderpool defendant; that plaintiffs file a bond in the sum of $1,000 and a declaration; and that defendant plead, etc.   Plaintiffs filed no bond.   The court then ordered the sheriff to proceed and sell the property and bring the money into court, and that plaintiffs be barred from any action against him.   On the same day plaintiffs filed a declaration.   The sheriff sold Nelson Vanderpool's interest in the property to Martin Vanderpool for $2.30, and applied the money on costs. A plea was filed and the case put on the trial list.   Plaintiffs then asked and procured a rule to show cause why they should not be allowed to discontinue the case, because (1) they claimed no interest in the fund, (2) they claimed no title to the property when the sheriff sold it to raise the fund.   The court discharged this rule. [1]

Mrs. Hall claimed title by deed from Nelson Vanderpool.

The court charged in part as follows, by PECK, P. J.:

" There are no witnesses to this transaction as to the transfer of this property, as I recollect, except Warren Hall and his wife, Eunice Hall.   Nor do I know that any person was present except Nelson Vanderpool.   Nelson Vanderpool must have known about it, because he signed the papers, he executed the deed.   For some reason Nelson Vanderpool has not been called, and we think it our duty to state to you that when a party to a transaction has not been called, who has knowledge of the transaction, and he is not called by the party interested to prove just what the transaction was, the presumption is that he would not have supported the evidence of the transaction as claimed

by the party claiming it; or in other words, that Nelson Vanderpool would not have supported the evidence as claimed by Eunice Hall and Warren Hall." [4]

Defendant's points were among others as follows:

" 2. D. H. Crimmins having issued his writ against Nelson Vanderpool and Warren Hall, and Martin Vanderpool having issued his writ against Nelson Vanderpool, which makes different plaintiffs and different defendants, and the fact that the same property was levied upon by the sheriff in both writs, and that Warren Hall claimed the property as his, and that Martin Vanderpool claimed it was Nelson Vanderpool's, was not sufficient to warrant the sheriff in asking for an interpleader or the court to grant it, and these proceedings must be quashed and dismissed." Refused. [2].

" 3. That the writ of D. H. Crimmins was first in the sheriff's hands, was the first lien and would take the money until satisfied, whether the property was Vanderpool's or Hall's, and hence the sheriff had no ground for asking for an interpleader, and these proceedings must be dismissed." Refused. [3]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were, (1) order discharging rule for discontinuance; (2–4) instructions, quoting them.

*D. C. De Witt, Wm. Maxwell* with him, for appellants, cited: Bain v. Funk, 61 Pa. 185; Zacharias v. Totton, 90 Pa. 290; Day v. Carr, 7 Exch. 883; Phillips v. Reagan, 75 Pa. 381; 1 T. & H. Pr., 5th ed., § 1136.

*James Wood,* for appellee, cited, on question of discontinuance: Mechanics' Bank of Phila. v. Fisher, 1 Rawle, 346; Schuylkill Bank v. Macalester, 6 W. & S. 149; Evans's Admr. v. Clover, 1 Gr. 164; on question of awarding an issue: Evans's Admr. v. Clover, 1 Gr. 169; Bain v. Funk, 61 Pa. 185; Weir v. Hale, 3 W. & S. 285; Earl's Ap., 13 Pa. 483; Truitt Bros. & Co. v. Ludwig, Kneedler & Co., 25 Pa. 145; on the withholding of evidence: Fowler v. Sergeant, 1 Gr. 358; Frick v. Barbour, 64 Pa. 121.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

A discontinuance is in strict law only by leave of the court.

While we do not see any injury that would have resulted to any of the parties from a discontinuance of the feigned issue in this case, its allowance was in the discretion of the court below, and is not reviewable here.

The plaintiff's second point was properly refused, as it failed to include in its statement of facts, the claim of Eunice Hall to the property, which was the most important claim on which the sheriff based his application for an interpleader. While her claim was existing and undetermined, the interpleader could not be quashed as the point requested.

The third point was also properly refused for the same reason, and also because the priority of the Crimmins fi. fa. against both Hall and Vanderpool did not necessarily entitle it to the money, without regard to which of them the property belonged to. The Crimmins writ was a fifth pluries fi. fa. (not *plus* fi. fa. as the local usage seems incorrectly to call it), and it was charged that these successive executions had been issued and held open without levy for nearly two years, not in good faith but to protect the debtor's property from other creditors. If that was established, then the defendant's writ though later in date would have taken precedence, as the learned judge charged in his answer to plaintiff's first point.

The fourth assignment is perhaps the most important, for while the rule invoked by the learned judge is well established, yet the terms in which he laid it down were somewhat broad. It was thus stated by Chief Justice THOMPSON, in Frick v. Barbour, 64 Pa. 120 : The evidence in a case " often consists in what is not proved as well as what is proved. Where withholding testimony raises a violent presumption that a fact not clearly proved or disproved exists, it is not error to allude to the fact of withholding, as a circumstance strengthening the proof." Fully expressed, it is this : where evidence which would properly be part of a case, is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law. But though the learned judge used the word presumption, we do not think it was intended to be a binding instruction or that the jury could have so considered it. Presumption, it will be observed,

was the word that Chief Justice THOMPSON used in stating the rule, but the context shows in his opinion, as the circumstances do in the learned judge's charge here, that it was used in the sense of an inference which the jury were at liberty to draw. The plaintiff, Mrs. Hall, was a daughter of Nelson Vanderpool, and was claiming the property levied on as hers by transfer from her father; the defendant was a creditor of Nelson Vanderpool, who was resisting the claim on the ground that the alleged transfer was not made at the time it professed to have been, and was fraudulent in law if not in fact. Under those circumstances Vanderpool was of course a most important witness, and the judge might well feel called upon to draw the jury's attention to the omission to call him in support of the alleged transfer. The terms in which he did so were forcible, but we do not think they could have misled the jury. The latter must have understood, as the learned judge intended, that the matter was left to them on the whole evidence, including the inference from testimony that ought naturally to have been put in the case but was not.

Judgment affirmed.