## Green, Appellant, *v.* Brooks.

*Evidence—Failure to call witness—Presumption—Inferences—Charge of court.*

Where evidence which would properly be part of the case, is within the control of the party whose interest would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law.

On a feigned issue to determine the title to property seized in execution it appeared that a son of the plaintiff who was one of the defendants in the execution would have been a material and important witness for his father, if he could have corroborated him. The son was not called. The father when on the witness stand stated that the son was then in court. The court charged the jury that if it was a fact that the son was in court and had not testified or was not called upon to testify, that fact might be taken into consideration by them along with the other facts in the case, but not as a conclusive one. *Held*, that the instruction was not erroneous.

Argued April 16, 1906. Appeal, No. 224, Jan. T., 1905, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1904, No. 72, on verdict for defendant in case of Job L. Green v. T.

Fernley Brooks, Trustee, and Strang & Forsythe.    Before
Fell, Brown, Potter, Elkin and Stewart, JJ.    Affirmed.

Feigned issue to determine the title to personal property
taken in execution.    Before Smith, P. J.

The facts are stated in the opinion of the Supreme Court.

In the course of the trial counsel for the defendants made
the following suggestion to the court:

Mr. Krebs: May it please the court, a circumstance the jury
may consider is that plaintiff's son was here in court and was
not called.

The Court: Well, that is of course for the jury.    Was that
proven?

Mr. Krebs: Yes.

The Court: It was proven in evidence, I believe, that George
W. Green was present in court and was not called in the case.
That is to be taken into consideration by you in your final de-
termination.

Mr. Boulton: We take exception there.    There is no evidence
at all of that.

The Court: That is the only point there is in it.    My recol-
lection is there is evidence, I recall now there was.    If that is
not true, gentlemen of the jury, that should not be taken into
consideration.    The statement of Judge Krebs that he was here
in court has no weight, but if it was proven here that George
W. Green was here in court, then that is to be taken into con-
sideration, and my recollection is now that that was proven,
but that is entirely for you.    The statement of counsel either
one way or the other cannot have any weight on any question
of fact.    Counsel are not here to testify.    But if that is a fact,
that it was proven here that George W. Green was in court
and did not testify or was not called upon to testify, it is to be
taken into consideration by you along with other facts, not as a
conclusive fact, however. [1]

Verdict and judgment for defendants.    Plaintiff appealed.

*Error assigned* among others was (1) above instruction, quot-
ing it.

*Cyrus Gordon,* of *Gordon & Boulton,* for appellant.

*Thomas H. Murray,* of *Murray & O'Laughlin,* with him *R. D. Swoope* and *Krebs & Liveright,* for appellees.

OPINION BY MR. JUSTICE BROWN, May 24, 1906:

This was a feigned issue in the court below to determine the title to certain personal property taken in execution by a trustee for the creditors of the firm of Strang & Forsythe and claimed by Job L. Green, the father of George W. Green, one of the members of the firm. The goods were delivered to the claimant, who was the plaintiff in the issue, but, the jury having found that they were the property of the defendants in the execution, there was a verdict in favor of the execution creditor, the defendant in the issue, in the sum of $6,865. On this appeal twenty-three errors are assigned. Each one of them has been duly considered, and we are compelled to say that no one of them can be sustained. No question raised by any one of them, except the first, is of any general interest, and we do not feel called upon to state our reasons in detail for dismissing the remaining ones. In the trial of the case there was involved nothing but disputed facts calling for the application of well-known general principles, and it is sufficient for us to say, as to all of the assignments except the first, that the rulings of the court on offers of evidence were proper, that the charge was free from error, and the answers to the points, which are complained of, were correct.

George W. Green, the son of the appellant, would undoubtedly have been a material and important witness for his father, if he could have corroborated him. While the court was charging the jury an oral request was made by counsel for the appellee that they be instructed that, as the son had been in court and was not called by the father, that circumstance might be taken into consideration. This was objected to by counsel for the plaintiff, on the ground that there was "no evidence at all" that the son had been in court during the trial. As a matter of fact, as we find from the notes of testimony, the father himself, when on the witness stand, stated that the son was then in court. The following is the testimony as to this: " Q. George Green is here in court? A. Yes, sir. Q. The same George Green is your son George? A. Yes, sir." The court instructed the jury that if it was a fact that the son was in

court and had not testified, or was not called upon to testify, that fact might be taken into consideration by them along with the other facts in the case, but not as a conclusive one. That this was not error is not an open question, for it has been several times decided by this court that it was not. Our attention, however, has not been called by counsel for the appellee to the cases to which we now refer as sustaining the court's ruling, complained of in the first assignment of error.

In Steininger v. Hoch's Executor, 42 Pa. 432, in charging the jury, the court below called their attention to the fact that Eshbach, who would have been an important witness for Steininger, had not been called, and told them that they might take the fact of his not being called into consideration. This was assigned as error, and in dismissing the assignment it was said by THOMPSON, J. : " As to the remark of the learned judge as to the non-production of Eshbach as a witness, we see no ground for complaint. In the nature of things, we are authorized to look to and to draw inferences from acts and sometimes non-action when demonstration or other means of information fails to disclose the true state of any subject of inquiry. To close our eyes and understanding to the light to be drawn from experience, would be to choose ' darkness rather than light;' and if experience teaches us that a man will use every means in his power which would avail to aid him in the hour of trial, physically or as a litigant, may it not be expected that he would call a witness who is at hand, was a party in the transaction, and, also, it is fair to presume, knew the very truth of the case, if he did not know that he would testify against him? Upon this kind of presumption, we never admit secondary evidence until it is clearly shown that the primary cannot be had. The principle expounded by Judge HUSTON, when he said that ' evidence consisted as well of what is not proved as of that which is,' is rather a deduction from experience than a rule of evidence, and is to some extent true. But, as in practice, it relates to inferences to be drawn from non-action rather than positive action, it should be carefully confined to natural and equitable deduction. I do not think this was overstepped here. It was a simple reference at most to a circumstance, and no binding instruction predicated of it." This was followed by Frick et al. v. Barbour et al., 64 Pa. 120. In Hall et al. v.

Vanderpool, 156 Pa. 152, which was also a feigned issue to determine the title to property seized in execution, the claimant, Mrs. Hall, failed to call Nelson Vanderpool, from whom she claimed title. The court below commented upon her failure to call him as a circumstance against her. In dismissing the assignment alleging this to have been error, the present Chief Justice said : " The fourth assignment is perhaps the most important, for while the rule invoked by the learned judge is well established, yet the terms in which he laid it down were somewhat broad. It was thus stated by Chief Justice THOMPSON, in Frick v. Barbour, 64 Pa. 120 : " The evidence in a case ' often consists in what is not proved as well as what is proved. Where withholding testimony raises a violent presumption that a fact not clearly proved or disproved exists, it is not error to allude to the fact of withholding, as a circumstance strengthening the proof.' Fully expressed, it is this : where evidence which would properly be part of a case, is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law. . . . The plaintiff, Mrs. Hall, was a daughter of Nelson Vanderpool, and was claiming the property levied on as hers by transfer from her father; the defendant was a creditor of Nelson Vanderpool, who was resisting the claim on the ground that the alleged transfer was not made at the time it professed to have been, and was fraudulent in law if not in fact. Under those circumstances Vanderpool was of course a most important witness, and the judge might well feel called upon to draw the jury's attention to the omission to call him in support of the alleged transfer. The terms in which he did so were forcible, but we do not think they could have misled the jury. The latter must have understood, as the learned judge intended, that the matter was left to them on the whole evidence, including the inference from testimony that ought naturally to have been put in the case but was not." To the foregoing cases may be added McHugh v. McHugh, 186 Pa. 197.

Judgment affirmed.