## Fulton County Bank *v.* Swope et al., Appellants.

*Judgments—Rule to open—Refusal.*

An application to open a judgment entered upon a judgment note was properly refused where the note upon which the judgment was entered had been given in renewal of another note upon which petitioners alleged that they were not liable, and it appeared that when the note in suit was given petitioners had full knowledge of all the facts connected with the execution of the first note.

Argued April 18, 1917.   Appeal, No. 259, Jan. T., 1916, by petitioners from order of C. P. Huntingdon Co., Dec. T., 1915, No. 58, refusing to open judgment, in case of Fulton County Bank v. M. F. Swope, E. L. Booher, W. A. Booher and W. J. Swope.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and WALLING, JJ.   Affirmed.

Petition for rule to open judgment.   Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

The court refused to open the judgment. Petitioners appealed.

*Error assigned* was the order of the court.

*James S. Woods,* for appellants.

*Walter K. Sharpe* and *H. H. Waite,* with them *Irvin C. Elder,* for appellee.

PER CURIAM, May 14, 1917:

The judgment which the appellants would have opened was entered on a note given in renewal of another judgment note executed by them. They ask that the judgment be opened because they aver they were not liable on the original note for reasons which need not be considered, for, even if they were mistaken as a matter of law as to the character of the first note, they gave the second with full knowledge of all the facts connected with the execution of the first. For this reason the action of the court below is sustained: Garrett v. Gonter, 42 Pa. 143; Building and Loan Association v. Walton, 181 Pa. 201.

Appeal dismissed at appellants' costs.