# Johnstown and Somerset Railway Company *v.* Mostollar, Appellant.

*Judgments—Rule to open judgments—Refusal.*

An application to open a judgment is properly refused, where the testimony in support of the application is vague, uncertain and inconclusive, and there is no evidence of abuse of discretion in the action of the chancellor.

Argued April 16, 1924. Appeal, No. 73, April T., 1924, by defendant, from judgment of C. P. Somerset Co., May T., 1923, No. 295, discharging rule to open judgment in the case of Johnstown and Somerset Railway Company v. N. A. Mostollar. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before SLOAN, P. J., 18th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*Harry Doerr*, and with him *Francis J. Kooser* and *Ernest O. Kooser*, for appellant.

*Daryle R. Heckman*, for appellee.

OPINION BY LINN, J., July 2, 1924:

As this appeal is from the refusal to open a confessed judgment, we may inquire only whether the judge, exercising a chancellor's power, abused judicial discretion. He heard the witnesses offered in support of the petition to open, and the answer. The judgment was entered on a power in a note dated August 1, 1922.

Appellant's averments, and his evidence do not go well together. On July 20, 1921, he made and delivered two promissory notes, under seal, payable six months after that date, to the order of plaintiff, each containing authority to confess judgment. He avers that he was to receive nothing for the notes; that he was merely lending his credit to accommodate the plaintiff in need of money; that the extent of the construction of plaintiff's electric railway, actual and as proposed, as well as

its value, were misrepresented, and that if he had known the facts he would not have executed the notes; he also avers the consideration failed. His evidence is that some unknown person who said he was plaintiff's agent, induced him to sign the notes. Appellant testified: "I said, what am I to have for it? Well I [the alleged agent] will give you $500 of stock if you sign the notes, if you give us the $1,000." "He came back in two weeks...... and [he] said, I will fill up the notes for you if you will sign them to get the railroad built; and it is a good thing for the country and it ain't going to cost you one cent, if you want to pay these notes you will get the bonds; you have that opportunity and he said you will probably want to keep them and I said no never and wouldn't sign......and at last he did get me to sign those notes under those conditions that I never need to pay them." At another point in his testimony he said, "......they only gave me what they promised me, five hundred dollars worth of stock if I signed those notes......"; he also says he did not receive any stock. He denies receiving any part of the thousand dollars in bonds which plaintiff alleges he bought with the two notes. Concerning the extent of construction of plaintiff's road, the evidence is also vague; defendant lived in the vicinity and saw the road and knew its physical condition; and since 1915 he had been the owner of a hundred dollar bond issued by plaintiff. He testified that the alleged agent who received the notes told him the company had a contract to complete the road within a given time and owned certain property, both of which statements, he contends, turned out to be untrue.

Plaintiff offered evidence that on receipt of the two notes, it issued to defendant "ten shares of stock of the company and the bonds" (par not stated), and delivered them to the company's agent for delivery to defendant; as has been stated, defendant both admitted and denied receiving the stock, and denied receiving the bonds. After maturity, oral and written demands were made on

defendant to pay; but he declined.  Plaintiff's president testified that one of the notes of July 20, 1921, had been discounted by a bank, the name of which is not given, and that plaintiff did not pay that note to the bank.  Defendant states that he did not pay it.  That was the situation when the note, with the power to confess judgment now before us, was given.

On August 1, 1922, one of plaintiff's officers went to defendant with an overdue note of July 20, 1921, and demanded payment.  The result of the meeting was that defendant produced the one hundred dollar bond issued by plaintiff, and gave to plaintiff's agent on account of the overdue note, twenty dollars in unpaid and matured coupons detached from the bond, and, for the balance, another note dated August 1, 1922, for $480, payable three months after that date, containing authority to confess judgment.  When that note matured, demand for payment was made and refused, whereupon judgment was entered, and execution was issued.  These proceedings to open that judgment then followed.  Defendant states that he gave the note "under threats," in substance that plaintiff would enforce payment of the note of July 20, 1921; that is not duress: Fulton v. Hood, 34 Pa. 365, 372.

There was no abuse of discretion, for it will be observed by the quotations from petitioner's testimony that it is too vague, uncertain and unsatisfactory to induce the opening of a judgment entered pursuant to his authority delivered at a time when he was informed of the facts alleged previously to have been misrepresented: Fulton County Bank v. Swope, 258 Pa. 208.

Judgment affirmed.