Steel et al., Appellants, v. Snyder et ux.

122

Argued December 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Carroll Caruthers*, with him *Alex McConnell*, for appellants.—In Aaron v. Smith, 90 Pa. Superior Ct. 565, plaintiff was held to be incompetent to testify as to a contract between himself and two defendants, one of whom died prior to the trial, even though the second was living and present at the trial.

We should have been permitted to cross-examine the handwriting expert with reference to the fee he was to be paid for his services: Shannon v. Castner, 21 Pa. Superior Ct. 294; Com. v. Farrell, 187 Pa. 408.

The true rule is, where evidence, which would be properly part of the case, is peculiarly within the control of the parties whose interest it would be to produce it, and, without satisfactory explanation, they fail to do so, the jury may draw an inference that it would be unfavorable to them. It is an inference of fact, not a presumption of law: McCall v. Barnheart, 2 Watts 112, 113; Steininger v. Hoch's Exr., 42 Pa. 432, 434; Frick v. Barbour, 64 Pa. 120, 121; Hall v. Vanderpool, 156 Pa. 152, 155; McHugh v. McHugh, 186 Pa. 197, 201; Green v. Brooks, 215 Pa. 492, 495; Ginder v. Bachman, 8 Pa. Superior Ct. 405, 409; Hartman v. I. P. Co., 11 Pa. Superior Ct. 438, 444; Wills v. Hardcastle, 19 Pa. Superior Ct. 525, 529; Shannon v. Castner, 21 Pa. Superior Ct. 294, 331; Wieder v. Miller, 52 Pa. Superior Ct. 198, 203.

A mortgage may be signed by the mortgagor personally or some duly authorized person acting in his behalf, as by a third person in his presence and at his request: 19 R. C. L. 278, section 51; 41 C. J. 418. When a written instrument is so signed the signature becomes his own and is sufficient to give the same validity to the instrument as though written by the person himself: 46 Cyc. 451; Pierce v. Hakes, 23 Pa. 231, 242; Duff v. Wyncoop, 74 Pa. 300, 304; Fitzpatrick v. Engard, 175 Pa. 393, 397; Heckart v. Blumberg, 277 Pa. 159, 161; Sackett v. Fast, 39 Pa. Superior Ct. 431, 436; Com. v. Leib, 76 Pa. Superior Ct. 413, 421.

*Wm. S. Rial,* with him *H. E. Marker, Paul L. Shrum* and *John A. Walls,* for appellees.—The satisfaction of the Elizabeth M. Maxwell portion of the mortgage had no bearing on this case. Neither she nor her personal representatives were parties to this action, and her satisfaction of her share of the mortgage was dragged into the case by plaintiffs, in their case in chief. The plaintiffs opened the door, and, by so doing, gave us the opportunity to deny that we had anything to do with that satisfaction, that we did not owe her anything, and never authorized the satisfaction. Defendants did not testify as to the genuineness of the mortgage: Shannon v. Castner, 21 Pa. Superior Ct. 294; Wolfe v. Scott, 275 Pa. 343; Royer v. Boro., 171 Pa. 429; Power v. Grogan, 232 Pa. 387.

It is not in the nature of things possible to fix any arbitrary limit of time, within which the witness must have seen the writing done: Wilson v. Van Leer, 127 Pa. 371.

While the principle that, in cross-examining a witness as to his interest or bias, great latitude is allowed the court in respect to such matters, it yet has been the uniform practice in the courts of Westmoreland County for over thirty years, to our knowledge, to exclude such a question as was asked in this case. This we believe to be in harmony with the law: Shannon v. Castner, 21 Pa. Superior Ct. 294; Bohan v. Boro., 154 Pa. 404; Beck v. Trade Assn., 59 Pa. Superior Ct. 145.

Opinion by Mr. Justice Walling, January 7, 1929:

This is a scire facias sur mortgage, in which Albert H. Snyder and S. Bertha Snyder, the mortgagors, interposed the defense that the mortgage was a forgery. It bears date of September 18, 1913, and purports to secure the payment of $4,500, of which $2,500 was payable to John M. Steel, $1,400 to Elizabeth M. Maxwell and $600 to Sarah A. Rumbaugh. On March 6, 1917, the executors of Elizabeth M. Maxwell, she having died mean-

time, endorsed on the record, a receipt in full satisfaction of her share of the mortgage debt. Pending this suit, the interest of Sarah A. Rumbaugh was assigned to one of defendants' attorneys. The other mortgagee, John M. Steel, also died pending the suit and his executors were substituted and in fact were the only plaintiffs at the trial.

At the time of the purported execution of the mortgage, William F. Wegley was an attorney and notary public at Greensburg. The mortgage purports to have been signed and acknowledged before him. A large number of lay witnesses, familiar with the handwriting of the defendants expressed very positive opinions that the signatures to the mortgage were not genuine. Two of these gained their knowledge of the handwriting in question some years after the date of the mortgage. This the trial judge properly held did not warrant the rejection of their evidence. See Wilson v. Van Leer, 127 Pa. 371; also 15 Am. & Eng. Enc. of Law (2d ed.), p. 262. The competency of the witness to express an opinion is largely one for the discretion of the trial judge: Beck v. Phila. Auto. Assn., 59 Pa. Superior Ct. 145; Berkley v. Maurer, 41 Pa. Superior Ct. 171, 183. As a rule the handwriting of an adult does not radically change in a few years and it was affirmatively shown that the defendants' had not.

In addition, George W. Wood, a handwriting expert of large experience, studied the signatures in question alone and in connection with others shown to be genuine and expressed the opinion that the former were forgeries. A motion was made to strike out his evidence for the alleged reason that his opinion was based in part on signatures not in evidence. While his testimony as to that was a little vague, taken as a whole it was not such as to justify granting the motion. As to this the witness says, inter alia: "Q. The other signatures you had assisted you in arriving at your opinion? [those not in evidence]. A. They did not. I would say in a

negative way this, in the particulars that they did not contradict the opinion formed from an examination of these signatures themselves. Q. But in arriving at your opinion, before you had your opinion, you decided you should have other signatures and you did use signatures other than defendant's exhibit No. 1 to help you arrive at your opinion? A. I would not say to help me because these signatures in question, studied intelligently by any experts, present the earmarks of forgery." The mere fact that the unidentified signatures did not disprove the conclusion formed from the study of such as were proven certainly did not render the opinion incompetent. Aside from this, the motion was to strike out the entire testimony of the expert, covering eighteen printed pages, the major portion of which consisted in a discussion of the disputed signatures by themselves and the intrinsic evidence of forgery they disclose and other explanations clearly competent, aside from his opinion. See Com. v. Swartz, 65 Pa. Superior Ct. 159.

We cannot consider the complaint that the court erred in excluding the question asked the expert as to the compensation he was to receive for his testimony, because it is not mentioned or suggested in the statement of questions involved. See New York & Pa. Co. v. N. Y. Cent. R. R., 267 Pa. 64.

No hard and fast rule can be given as to the weight of expert testimony. This depends on the manner of the witness, the cogency of his reasons, to what extent he is corroborated, and other circumstances. See Henry's Est., 276 Pa. 511. The testimony of experts is also admissible in corroboration of other evidence: Burkholder's Executors v. Plank, 69 Pa. 225.

The complaint that the trial judge told the jury that settlement of Sarah A. Rumbaugh's part of the mortgage had nothing to do with the case, is based on a misapprehension of what the judge said, which was that counsel so argued; but he said, in effect, that while a party had the right to buy his peace, the weight of such

settlement was a matter for the jury to consider, and re-peated it in a later part of the charge.

Wegley who had been Steel's attorney, was the only witness to the mortgage, and the one before whom it purports to have been acknowledged, and he knew whether it was genuine or spurious. If the mortgage was honest, Wegley knew it and, in answer to the charge of forgery, was the natural witness for plaintiffs to call. Therefore, the trial judges' comment that from the fail-ure to do so the jury might infer that, if called, his testimony would be unfavorable, was not error. If for-gery was committed, the circumstances pointed to Weg-ley as the forger, hence the defendants could not be expected to call him or to ask him to incriminate him-self. In Collins et al. v. Leafey, 23 W. N. C. 264, 268, Mr. Justice MITCHELL, speaking for the court, says: "The seventh assignment involves a point of some importance in practice, namely, how far a judge may comment on the absence of evidence. The reasons why certain evi-dence, which might naturally be looked for, may not be produced, are so many and so various, and sometimes so difficult of explanation, that obviously this is a kind of argument that requires careful handling, especially when used from the bench. But it is a legitimate instru-ment in the investigation of truth, and a liberal discre-tion in its use must be allowed to the trial judge who is in a far better position to determine the occasion for it than this court possibly can be." And in Ginder v. Bachman, 8 Pa. Superior Ct. 405, 409, Judge RICE says: "It is a circumstance of some significance that the de-fendant's mother, who, of all persons, would be most likely to remember the exact date of his birth, was not called as a witness; nor was her absence explained. No legal presumption arose from the omission, but 'where evidence which would properly be part of a case is with-in the control of the party whose interest it would nat-urally be to produce it, and, without satisfactory evi-dence, he fails to do so, the jury may draw an inference

128

that it would be unfavorable to him. It is an inference of fact, not a presumption of law'...... In Pennsylvania this principle of evidence is not confined to the nonproduction of documentary proof in the possession or under the control of the party, but may be applied by the jury to the nonproduction, by the party having the burden of proof, of witnesses who, presumably, are best informed on the subject of investigation, especially if their relations with such party are not hostile but friendly, and their bias, if any, would be in his favor." And see Hall v. Vanderpool, 156 Pa. 152; Green v. Brooks, 215 Pa. 492; Frick v. Barber, 64 Pa. 120; Steininger v. Hoch's Executor, 42 Pa. 432; Wieder v. Miller, 52 Pa. Superior Ct. 198.

The defendants could write, so the suggestion that they may have authorized the signing of the mortgage is not probable or supported by any evidence. If the mortgage was a forgery, its purported acknowledgment was false and fraudulent and gave the instrument no legal validity. See Michener and Wife v. Cavender, 38 Pa. 334; Garrett v. Gonter, 42 Pa. 143. In the language of Mr. Justice Brown, speaking for the court, in Smith v. Markland, 223 Pa. 605, 631: "'No man can be deprived of his property by a forged deed or mortgage, no matter what may be the bona fides of the party who claims under it.' In the very nature of things there can be no other rule." See also 41 C. J. 418. The certificate of acknowledgment while prima facie evidence is not conclusive in case of fraud or forgery. See Pusic v. Salak et al., 261 Pa. 512.

Plaintiff's third point and the answer thereto were: "The plaintiffs' claim is based on an instrument under seal. Want of consideration is not a valid defense to a suit on a sealed instrument. Answer: As an abstract proposition of law that is correct, but I do not think it has any bearing here." This was accurate. The defense was forgery and as to that the seal had no bearing. No evidence was offered tending to show that the signatures

to the mortgage were genuine or that the defendants authorized or ratified them, while there was ample testimony that the signatures were spurious; hence, binding instructions for plaintiff could not have been given. The question of a new trial was for the discretion of the trial court.

In view of the fact that in 1917 the executors of Elizabeth M. Maxwell had placed upon the mortgage record a satisfaction of her interest in the mortgage, the defendants were severally called and over objection and exception permitted to testify that they never knew Mrs. Maxwell or owed her any money or gave anything to the executors in payment thereof, and had nothing to do with the satisfaction. We have reluctantly concluded that this was error. John M. Steel died in 1925 and his estate was a party of record, yet the adverse parties were permitted to testify to relevant matters occurring in his life time. Mrs. Maxwell's estate was not a party of record nor interested therein; hence, the fact that the matter testified to occurred after her death, is not to the point. Neither is the fact that the transaction referred to the acts of living persons, viz., her executors. Had such executors been called as witnesses for plaintiffs and testified to a transaction with defendants it would have qualified the latter under the Act of June 11, 1891, P. L. 287, as to that transaction, but they had not and the act only applies where the living party has been called as a witness. See Montelius v. Montelius, 209 Pa. 541; Rudolph v. Rudolph, 207 Pa. 339, 346; Dumbach v. Bishop, 183 Pa. 602; Sunday v. Dietrich, 16 Pa. Superior Ct. 640. That the Maxwell executors placed an endorsement upon the record cannot be treated as tantamount to their having been called as witnesses. The statute permits the surviving party to contradict or explain the testimony, but not the acts of the living witness. The instant case does not seem to fall under any exception to the general rule that the death of one party closes the mouth of the other as to

matters occurring prior to such death. See Foster v. Allshouse, 222 Pa. 446; Wright v. Hanna, 210 Pa. 349.

The first and second assignments of error, embracing the question just discussed, are sustained and thereupon the judgment is reversed and a venire facias de **novo** awarded.